# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ALEXANDRIA RESIDENT COUNCIL,
INCORPORATED,
               *Plaintiff-Appellant,*

               v.

ALEXANDRIA REDEVELOPMENT &
HOUSING AUTHORITY,
               *Defendant-Appellee.*

NORTH VILLAGE L.L.C.,
               *Movant.*

No. 00-2538

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-1328-A)

Argued: May 7, 2001

Decided: June 6, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Paul Anthony Fiscella, PAUL A. FISCELLA, P.C., Alexandria, Virginia, for Appellant. Michael Jay Weiser, Alexandria, Virginia, for Appellee. **ON BRIEF:** Victor M. Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The Alexandria Resident Council ("ARC") appeals the district court's dismissal of this action brought under 42 U.S.C. § 1983 against the Alexandria Redevelopment and Housing Authority ("ARHA"). For the reasons set forth below, we affirm the district court's judgment, as modified to reflect that ARC's pendent state-law claim against ARHA is dismissed without prejudice.

I.

ARHA, the public housing authority for the city of Alexandria, Virginia, manages the Samuel Madden Downtown Homes (the "Madden Homes") and leases the units to eligible tenants at reduced rates subsidized by the United States Department of Housing and Urban Development ("HUD") pursuant to the United States Housing Act of 1937, 42 U.S.C. § 1437 (the "Housing Act"). ARHA designated the Madden Homes for demolition and, under HUD's regulations, was obligated to offer to sell the Madden Homes to the "local resident council" before receiving HUD's authorization to demolish the property. *See* 24 C.F.R. § 970.13.

ARC is the local resident council for public housing developments in Alexandria. When ARHA offered to sell the Madden Homes to a different entity, ARC filed an action under 42 U.S.C. § 1983, seeking a declaration and order that it was entitled to receive the offer of sale as the local resident council. The district court granted summary judgment to ARC, and we affirmed. *See Alexandria Resident Council, Inc.* v. *Samuel Madden Homes Tenant Council*, No. 97-2501, 1998 WL 416726 (4th Cir. July 22, 1998).

ARHA made the required offer of sale to ARC pursuant to the district court's order, and ARC replied with a proposal to purchase,

which ARHA rejected on numerous grounds. ARC then filed a motion requesting that the district court order ARHA to accept ARC's proposal. In response, the district court directed ARC to pursue its right to appeal ARHA's rejection of the purchase proposal to HUD. *See* 24 C.F.R. § 970.13(f). On appeal, HUD concluded that most of ARHA's bases for rejecting the purchase proposal were erroneous. However, it agreed with ARHA that ARC had failed to demonstrate a firm financial commitment to fund the purchase, as required by 24 C.F.R. § 970.13(g)(v), and ordered ARHA to allow ARC ninety days to cure this deficiency.

ARC submitted a revised purchase proposal, which ARHA again rejected. Instead of pursuing its appellate rights with HUD, as it had been directed to do once before, ARC sought injunctive relief from the district court. The district court ordered ARHA to accept ARC's proposal, and we subsequently vacated the order because the district court exceeded its ancillary jurisdiction in granting ARC's requested relief. *See Alexandria Resident Council, Inc.* v. *Alexandria Redev. & Hous. Auth.*, 218 F.3d 307 (4th Cir. 2000). In so holding, we explained that:

> [W]e do not necessarily conclude that ARC was without recourse after ARHA rejected its original and revised purchase offers. *ARC could have appealed those rejections to HUD, as it did after the first rejection but not after the second*, and may have been able to file an action challenging any adverse decision by HUD as arbitrary and capricious under the Administrative Procedure Act.

*Id.* at 309-10 (emphasis added).

However, because the thirty-day period for appealing ARHA's rejection of ARC's revised purchase proposal to HUD had passed, *see* 24 C.F.R. § 970.13(f), ARC filed a new complaint under section 1983, wherein it alleged that ARHA violated its rights under the Housing Act and accompanying regulations by rejecting the revised purchase proposal. ARC's complaint also included a pendent state-law claim seeking specific performance of a contract for the sale of the Madden Homes allegedly created under Virginia law by an exchange of letters between ARC and ARHA. The district court

granted ARHA's motion for judgment on the pleadings because ARC failed to exhaust its administrative remedies with HUD, J.A. 97-99, and this appeal followed.

## II.

We have long recognized the "'settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *See*, *e.g.*, *Thetford Properties IV Ltd. P'ship* v. *United States Dep't of Hous. and Urban Dev.*, 907 F.2d 445, 447 (4th Cir. 1990) (quoting *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). Because ARC was required to exhaust its administrative remedies under 24 C.F.R. § 970.13(f) as a prerequisite to suing ARHA in federal court, we affirm the district court's dismissal of ARC's section 1983 claim.

## A.

The regulation creating an administrative remedy for a public housing authority's rejection of a purchase proposal by a resident council provides, in pertinent part:

> Appeals. The resident management corporation, resident council or resident cooperative of the affected development has the right to appeal the PHA's [public housing authority's] decision to the HUD field office. A letter requesting an appeal has to be made within 30 days of the decision by the PHA. . . .

24 C.F.R. § 970.13(f). Whether exhaustion of this administrative remedy is required prior to commencing suit in federal court is a matter of congressional intent. *See*, *e.g.*, *McCarthy* v. *Madigan*, 503 U.S. 140, 144-45 (1992) ("Of 'paramount importance' to any exhaustion inquiry is congressional intent. . . . [A]ppropriate deference to Congress' power to prescribe the basic procedural scheme under which a claim may be heard in federal court requires fashioning of exhaustion principles in a manner consistent with congressional intent and any applicable statutory scheme.").

Of course, "[b]y vesting the implementation" of the Housing Act "in [an] administrative agenc[y]," Congress "did speak 'clearly' in requiring exhaustion." *Volvo GM Heavy Truck Corp.* v. *United States Dep't of Labor*, 118 F.3d 205, 211-12 (4th Cir. 1997). Congress assigned to HUD the role of administering the Housing Act, and a determination of whether a resident council's offer to purchase a public housing development meets the complex requirements of the Act and its regulations falls squarely within HUD's expertise. Allowing ARC to bypass an administrative appeal of ARHA's rejection would "weaken [the] agency's effectiveness by encouraging disregard of its procedures." *McCarthy*, 503 U.S. at 145. Further, such a circumvention of administrative remedies would undermine the statutory scheme, which is based on "the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.*

Accordingly, because ARC failed to pursue an administrative appeal of ARHA's rejection of its revised purchase proposal, the district court correctly dismissed ARC's section 1983 claim for failure to exhaust administrative remedies.

### B.

We are not persuaded by ARC's arguments to the contrary. First, we disagree with ARC's contention that this case falls within the exceptions to the exhaustion requirement recognized by the Supreme Court in *McCarthy*. ARC has not alleged that HUD is "biased or has otherwise predetermined the issue before it," *id.* at 146-47, nor has ARC demonstrated that pursuing an administrative appeal would have caused it irreparable harm due to "an unreasonable or indefinite timeframe for administrative action," *id.* at 147. *See* 24 C.F.R. § 970.13(f) (requiring HUD to "render a final decision within 30 days"). Neither does HUD "lack[ ] institutional competence to resolve the particular type of issue presented." *McCarthy*, 503 U.S. at 147-48. On the contrary, the issue in question — determining the propriety of ARHA's rejection of ARC's purchase proposal — plainly lies within the agency's mandate. *See* 24 C.F.R. § 970.13.

Second, citing *Patsy* v. *Board of Regents*, 457 U.S. 496 (1982), ARC argues that the requirement that a plaintiff exhaust administra-

tive remedies before seeking relief in federal court does not apply to actions brought under 42 U.S.C. § 1983. In *Patsy*, however, the Supreme Court held only that "exhaustion of *state* administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." 457 U.S. at 515 (emphasis added). Furthermore, the Court expressly reaffirmed that "in determining the application of the exhaustion doctrine to [section 1983] cases in which *federal* administrative remedies are available . . . . courts are guided by congressional intent" — in particular, by "the role Congress has assigned to the relevant federal agency" and by "whether application of the [exhaustion] doctrine would be consistent with the statutory scheme." *Id*. at 502 n.4 (emphasis added). Thus, because exhaustion is consistent with the role Congress assigned to HUD, *see supra* at 4-5, *Patsy* further buttresses our conclusion that ARC was required to exhaust its administrative remedies prior to filing this section 1983 action.

### III.

Finally, ARC argues that even if the district court correctly dismissed its section 1983 claim, the court abused its discretion by exercising pendent jurisdiction over the state-law cause of action and dismissing the entire case with prejudice. We agree.

Although a federal court has discretion to assert pendent jurisdiction over state claims even when no federal claims remain, *see Rosado* v. *Wyman*, 397 U.S. 397, 402-05 (1970), "certainly[ ] if the federal claims are dismissed before trial . . . the state claims should be dismissed" without prejudice, *United Mine Workers* v. *Gibbs*, 383 U.S. 715, 726 (1966). *See also Wentzka* v. *Gellman*, 991 F.2d 423, 425 (7th Cir. 1993) (remanding case for dismissal of state claims without prejudice and explaining that "where a federal claim drops out before trial, a district court should not retain the state claims absent extraordinary circumstances"). For, when all federal claims are dismissed early in the litigation, the justifications behind pendent jurisdiction — "considerations of judicial economy, convenience and fairness to litigants" — are typically absent. *Gibbs*, 383 U.S. at 726. Thus, under the rationale expressed by the *Gibbs* Court, ARC's pendent state-law claim should be dismissed without prejudice because ARC's sole federal claim was dismissed well before trial.

Further, we cannot say that the exercise of pendent jurisdiction was in the interest of "fairness to [the] litigants," *id*., where ARHA did not move to dismiss the state-law contract claim, ARC was not on notice of the need to defend the claim in its reply memorandum, and the district court's order granting the motion to dismiss did not even explicitly discuss the state-law cause of action. Indeed, the district court only addressed the state claim when, in its order denying ARC's motion to amend the judgment, it stated conclusorily that the issues raised in the section 1983 cause of action "are the same as those presented in the pendent state breach of contract claim." J.A. 109. However, whether the exchange of letters between ARHA and ARC created an enforceable contract under Virginia law, and if so, whether such contract required ARC to pursue the remedies in 24 C.F.R. § 970.13, are questions distinct from those discussed either by the parties or by the court below.

Accordingly, because the sole federal claim was dismissed at the outset of the litigation and neither the parties nor the district court addressed difficult issues related to ARHA's state-law cause of action, we modify the district court's judgment to dismiss the state claim without prejudice.

## *CONCLUSION*

For the reasons stated herein, the judgment of the district court is affirmed, as modified to reflect that the dismissal of ARC's state-law claim is without prejudice.

*AFFIRMED AS MODIFIED*